# SAMUEL & STEIN

ATTORNEYS AT LAW

38 WEST 32ND STREET, SUITE 1110, NEW YORK, NY  10001
PHONE: (212) 563-9884 | FAX: (212) 563-9870 | WEBSITE: www.samuelandstein.com

**MICHAEL SAMUEL**
michael@samuelandstein.com

October 10, 2018

ADMITTED IN
NY

**Via ECF**

Hon. Sanket J. Bulsara U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 324N
Brooklyn, NY 11201

*Re: Djerroud v. 909 Fulton Grocery & Deli Corp. et al*
*Case No. 1:17-cv-00702-CBA-SJB*

Dear Judge Bulsara:

We represent Plaintiff in the above-captioned matter and submit this letter to the Court with the approval of Scott Richman, Esq., counsel for Defendants, for the Court's assessment of and approval of the settlement agreement reached by the parties. The Settlement Agreement, executed by the parties, is being submitted contemporaneously with this letter, and the parties submit that the Court should approve the Settlement Agreement and dismiss the case with prejudice because the settlement is a fair resolution of this matter, negotiated in an arm's length negotiation between experienced counsel. A copy of the Settlement Agreement is attached hereto.

Background

Plaintiff was employed by Defendant 909 Fulton Grocery & Deli Corp. ("909 Fulton") as a sandwich-maker, from approximately 2002 through May 15, 2015. [DE 1] Defendant Adel Ali ("Ali," incorrectly named in the Complaint as Adel Radji) is the owner of 909 Fulton. Plaintiff commenced this action on February 3, 2017 by filing a Complaint against Defendants alleging, *inter alia*, unpaid minimum wages, and unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). In the complaint, Plaintiff alleges that Defendants failed to compensate him at the statutory minimum wage, and also failed to compensate him for hours worked over 40 in the workweek. [DE 1] Defendants filed an Answer on June 19, 2017. [DE 18] The Court held a settlement conference on October 3, 2017. The parties came close to reaching a settlement, agreeing on an amount, but were unable to close the settlement because they disagreed on the payment schedule.

After several months of negotiations and exchange of document discovery, the parties were able to agree on a six-month installment payment structure for the settlement, the details of which are explained in the settlement agreement.

Settlement Agreement

In fashioning the settlement, the parties have considered the financial position of Defendants, and the fact that engaging in protracted litigation could result in legal expenses to Defendants that would potentially impair their ability to satisfy any judgment that might be assessed against them after a full legal proceeding.

As the Court can see from the Settlement Agreement submitted herewith, the parties agreed to settle Plaintiff's claims against Defendants for a total of **Thirty-Five Thousand Dollars and Zero Cents ($35,000.00)**, which is inclusive of legal fees and costs. Plaintiff valued his case at approximately $110,000.00. While the final settlement amount is less than Plaintiffs' maximum possible recovery, we believe this to be a fair resolution of this matter, due to certain *bona fide* disputes about the value of Plaintiff's claims, Defendants' precarious financial position, and the risks attendant with continuing the litigation.

By settling now, Plaintiff ensures that he will get much of what he could potentially recover, and he does so without having to wait through months of likely fruitless discovery, then having to face the uncertainty of trial.

FLSA Settlement Approval

Judicial approval of a wage and hour settlement brought under the FLSA depends on whether it is fair and reasonable. Courts look to the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In addition, given the purposes of the FLSA, factors that weigh against approving a settlement also include the following: (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region"; and (4) the desirability of "a mature record" and "a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id*. at 336. (Citations omitted.) Ultimately, the settlement must reflect a fair and reasonable compromise of disputed issues with the principal question being "whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lliguichuzha v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366, (S.D.N.Y. 2013)) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Zeltser v. Merrill Lynch & Co*., 2014 U.S. Dist. LEXIS 135635, at *16 (S.D.N.Y. Sept. 23, 2014) (citations omitted). Applying these factors, Plaintiff suggests that they weigh strongly in favor of settlement approval.

In light of the uncertainties associated with establishing Plaintiff's overtime hours, as well as Plaintiff's desire to avoid future legal proceedings, the settlement amount reached here is reasonable. *See Beckert v. Ronrubinov,* 2015 U.S. Dist. LEXIS 167052, at *4 (S.D.N.Y. Dec. 14, 2015) (holding a

settlement of approximately 25% of the amount initially sought was a "substantial proportion of the maximum possible recovery" and fair, especially in light of the risks associated with litigation). In this case, the settlement represents approximately 31% of Plaintiff's best-case recovery. The settlement will enable the parties to avoid the burdens and expenses of trial, as well as the litigation risks that always accompany same.

Courts consider settlements fair and reasonable when, as is the case here, they consider the potential risks of litigation. *See e.g.*, *Martinez v. Hilton Hotels Corp.*, 2013 U.S. Dist. LEXIS 117738, at \*9 (S.D.N.Y. Aug. 20, 2013) (Court found settlement reasonable because, *inter alia*, it was a "compromise over contested issues" "in light of the unpredictability of the outcome at trial"); *Garcia v. BAE Cleaners Inc.*, 2012 U.S. Dist. LEXIS 51867, at \*2 (S.D.N.Y. April 12, 2012) (Court held the settlement fair and reasonable even though the settlement amount was less than the potential liquidated damages awardable under the FLSA because it "reflect[ed] a reasonable compromise over" issues that had been "contested in the litigation"). Accordingly, this factor supports approving the Settlement Agreement as fair and reasonable.

Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable. *Lliguichuzhca*, 948 F. Supp. 2d at 366; *Zeltser*, 2014 U.S. Dist. LEXIS 135635, at \*17 (finding an FLSA settlement reasonable where, as here, it was the result of arm's-length negotiations and "Plaintiffs and Defendants were represented by counsel experienced in wage and hour law."). In this case, counsel for Plaintiff are experienced wage-and-hour litigators, and they exchanged multiple demands and offers of settlement with Defendants before settling on the terms of this proposed settlement. Counsel for Defendants are also experienced employment law and litigation attorneys. Moreover, prior to entering into the settlement agreement, Plaintiff thoroughly considered the risks and benefits of continuing the litigation. The Settlement Agreement reflects the conclusion on the part of experienced counsel for all parties that the terms were a fair and reasonable assessment of their respective risks.

Other factors present do not weigh against a settlement. This matter has not been conditionally certified as a collective action; thus, the settlement of this action will have no impact on any other employees or their rights. Additionally, this case presents no novel questions of law that would benefit from extensive litigation.

Attorneys' Fees

Pursuant to counsel's retainer agreement with Plaintiffs, we will be reimbursed for out-of-pocket expenses of **$400** (filing fee) and **$104** (service of process) and will retain 1/3 of the net settlement (i.e., a total of **$12,002.67**) as attorneys' fees.

In total, Plaintiff's counsel expended approximately 29.2 hours in representing Plaintiff, including hours related to the preparation of the settlement agreement and this letter. I am a founding partner of Samuel & Stein. I have practiced law since 1993, have been admitted in the state of New York since 1994, and I focus my practice almost exclusively on wage-and-hour cases, serving as counsel of record in more than 250 such cases. I am admitted to practice in the Southern and Eastern Districts of New York. My time appears in the chart below under "MS." My regular hourly rate for matters such as these is $425. I believe this hourly rate to be commensurate with other

Hon. Sanket J. Bulsara, U.S.M.J.
October 10, 2018
Page 4 of 7

practitioners with a similar amount of experience in my locality who represent clients in matters such as this. My associate, Ruchama L. Cohen, has practiced law since 2015, almost exclusively in the wage-and-hour area. She became licensed to work in the State of New York in 2016. She is also admitted to practice in the State of New Jersey, the District of New Jersey, and the Southern and Eastern Districts of New York. Her regular hourly rate is $225. Her time appears on the chart as "RC."

Below is a record of all time spent by Plaintiff's counsel on this matter:

| Date | Attorney | Task | Hrs/Qty | Rate/@ | Amount |
|---|---|---|---|---|---|
| 09/18/2018 | RC | Finalize fairness letter. | 0.1 | $225.00 | $22.50 |
| 09/12/2018 | RC | Draft fairness letter. | 0.3 | $225.00 | $67.50 |
| 09/07/2018 | RC | Revise settlement agreement. | 0.3 | $225.00 | $67.50 |
| 09/05/2018 | RC | Call with Scott re: settlement agreement. | 0.1 | $225.00 | $22.50 |
| 09/04/2018 | MS | review changes to settlement agreement | 0.8 | $425.00 | $340.00 |
| 09/04/2018 | RC | Review Scott's changes to settlement agreement and make more revisions. | 0.2 | $225.00 | $45.00 |
| 08/20/2018 | MS | review fairness letter | 1.2 | $425.00 | $510.00 |
| 08/20/2018 | RC | Draft fairness letter. | 0.2 | $225.00 | $45.00 |
| 08/20/2018 | RC | Draft settlement agreement. | 0.7 | $225.00 | $157.50 |
| 08/03/2018 | RC | Complete consent to magistrate form. | 0.1 | $225.00 | $22.50 |
| 08/01/2018 | RC | Call and email with Scott re: settlement and communications with the court. | 0.1 | $225.00 | $22.50 |
| 07/31/2018 | RC | Call with Scott re: settlement. 35k over 6 months. | 0.1 | $225.00 | $22.50 |
| 06/12/2018 | RC | Call with Scott. He wants to extend discovery 3 months. I did not consent; said discovery should be over in July latest. | 0.2 | $225.00 | $45.00 |
| 05/24/2018 | MS | review discovery | 1.6 | $425.00 | $680.00 |
| 05/24/2018 | RC | Respond to discovery. | 1.0 | $225.00 | $225.00 |
| 05/23/2018 | RC | Respond to discovery. | 0.1 | $225.00 | $22.50 |
| 05/02/2018 | RC | Draft letter to Hellal re: second settlement conference. | 0.1 | $225.00 | $22.50 |
| 04/24/2018 | RC | Format discovery responses. | 0.2 | $225.00 | $45.00 |
| 04/23/2018 | MS | review discovery demands | 0.9 | $425.00 | $382.50 |
| 04/23/2018 | RC | Draft discovery requests. | 0.6 | $225.00 | $135.00 |

Hon. Sanket J. Bulsara, U.S.M.J.
October 10, 2018
Page 5 of 7

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 04/10/2018 | RC | Finalize and send out Rule 26. | 0.1 | $225.00 | $22.50 |
| 04/10/2018 | RC | Prepare photos for Rule 26 disclosure. | 0.5 | $225.00 | $112.50 |
| 04/10/2018 | RC | Draft Rule 26 disclosures. | 0.1 | $225.00 | $22.50 |
| 04/09/2018 | RC | Draft Rule 26 disclosures. | 0.1 | $225.00 | $22.50 |
| 03/22/2018 | RC | Draft status letter to Judge Bulsara. | 0.4 | $225.00 | $90.00 |
| 03/20/2018 | RC | Draft letter to Judge Bulsara, pick discovery dates. | 0.3 | $225.00 | $67.50 |
| 03/06/2018 | RC | Call with Scott Richman. He still hasn't reached his client. | 0.1 | $225.00 | $22.50 |
| 02/21/2018 | RC | Travel from court. | 0.5 | $112.50 | $56.25 |
| 02/21/2018 | RC | Status conference with Judge Bulsara. Joint letter due in a month. Try settle. | 0.2 | $225.00 | $45.00 |
| 02/21/2018 | RC | Travel to court. | 0.5 | $112.50 | $56.25 |
| 02/20/2018 | RC | Call with Scott Richman. He'll try talk his client from 30k to 35k; we'll work on timeline. | 0.1 | $225.00 | $22.50 |
| 10/03/2017 | MS | settlement conference before Judge Bulsara | 2.9 | $425.00 | $1,232.50 |
| 10/03/2017 | MS | travel to/from settlement conference | 1.0 | $212.00 | $212.00 |
| 10/02/2017 | MS | prepare for settlement conference | 2.4 | $425.00 | $1,020.00 |
| 09/29/2017 | RC | Edit and send pre-conference statement. | 0.5 | $225.00 | $112.50 |
| 09/29/2017 | RC | Draft pre-settlement conference statement. | 1.6 | $225.00 | $360.00 |
| 09/07/2017 | RC | Draft letter to Hellal advising him that case was reassigned, and conference rescheduled. | 0.1 | $225.00 | $22.50 |
| 08/16/2017 | RC | Draft letter to Hellal advising him of settlement conference. | 0.1 | $225.00 | $22.50 |
| 06/21/2017 | RC | Travel to court. | 0.5 | $112.50 | $56.25 |
| 06/21/2017 | RC | Travel from court. | 0.4 | $112.50 | $45.00 |
| 06/21/2017 | RC | Initial conference with Judge Pollak. | 0.3 | $225.00 | $67.50 |
| 06/20/2017 | MS | review damage calculation | 0.8 | $425.00 | $340.00 |
| 06/20/2017 | RC | Revise damage calculation. | 0.1 | $225.00 | $22.50 |
| 06/19/2017 | RC | Review Judge Pollak's rules. | 0.1 | $225.00 | $22.50 |
| 06/12/2017 | RC | Draft Pleitez declaration. | 0.1 | $225.00 | $22.50 |

Hon. Sanket J. Bulsara, U.S.M.J.
October 10, 2018
Page 6 of 7

| 06/12/2017 | RC | Review Victor Pleitez documents. | 0.1 | $225.00 | $22.50 |
|---|---|---|---|---|---|
| 05/26/2017 | RC | Draft letter to Judge Pollak requesting adjournment. | 0.1 | $225.00 | $22.50 |
| 05/26/2017 | RC | Meet with Hellal and Victor Pleites, former coworker. | 0.2 | $225.00 | $45.00 |
| 05/11/2017 | MS | review file for pre-mediation confrence | 1.3 | $425.00 | $552.50 |
| 05/11/2017 | RC | Damage calculation. | 0.2 | $225.00 | $45.00 |
| 05/11/2017 | RC | Travel from court. | 0.4 | $112.50 | $45.00 |
| 05/11/2017 | RC | Travel to court. | 0.5 | $112.50 | $56.25 |
| 05/11/2017 | RC | Pre-motion conference. | 0.2 | $225.00 | $45.00 |
| 05/11/2017 | RC | Review case file and prepare for pre-motion conference. | 0.7 | $225.00 | $157.50 |
| 04/19/2017 | RC | Review Judge Pollak's rules and call with clerk. | 0.1 | $225.00 | $22.50 |
| 03/30/2017 | RC | Review Defendants' letter for pre-motion conference. | 0.1 | $225.00 | $22.50 |
| 02/07/2017 | MS | review draft complaint | 1.2 | $425.00 | $510.00 |
| 02/07/2017 | RC | File complaint, civil cover, proposed summonses. | 0.4 | $225.00 | $90.00 |
| 02/07/2017 | RC | Draft complaint. | 0.1 | $225.00 | $22.50 |
| 02/06/2017 | RC | Draft complaint. | 0.2 | $225.00 | $45.00 |
| 02/02/2017 | RC | Intake meeting with Hellal Djerroud. | 0.7 | $225.00 | $157.50 |
| | | | | **Total:** | **$8,862.00** |

Although our lodestar calculation falls slightly below the amount of fees awarded in this settlement, we have a standard retainer agreement with Plaintiff that allows us 1/3 of any possible recovery in this case. Based on our firm's experience in handling FLSA matters, the provision of 1/3 of a settlement is a standard arrangement in this District, and is routinely approved by courts in this Circuit, particularly for attorneys with relevant experience and expertise. *See, e.g.*, *Cortes v. New Creators, Inc.*, 2016 WL 3455383, at *5 (S.D.N.Y. June 20, 2016) (holding fee award of one-third of settlement "consistent with `contingency fees that are commonly accepted in the Second Circuit in FLSA cases.'" (quoting *Najera v. Royal Bedding Co.*, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015)); *Mireku v. Red Vision Sys., Inc.*, 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013) (finding that where, as here, the fee award is consensual since "Plaintiff has explicitly approved the agreement, including the amount of fees to her counsel" the award should be approved); *Garcia v. Pancho Villa's of Huntington Village, Inc.*, 2012 U.S. Dist. LEXIS 144446, at *21 (E.D.N.Y. Oct. 4, 2012) (noting that counsel's request for one-third of FLSA clients' recovery is "reasonable and consistent with the norms of class litigation in this circuit"); *see also Porzig v. Dresdner, Kleinwort, Benson, North America LLC*, 497 F.3d 133, 141 n.4 (2d Cir. 2007) ("any attorney's fee ultimately belongs to [plaintiff], the client, and not the attorney," and courts "assume[s] the attorney and client will settle the distribution of the attorney's

fees . . . according to their own contract terms, which are beyond the province of this Court") (citations omitted).

## Truthful Statements

Finally, we point out that, consistent with the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), this Agreement does not contain a general release of Plaintiff's claims, and the non-disparagement provision provides an express carve-out to enable Plaintiffs to make truthful statements regarding the litigation.

## Conclusion

For all of the reasons set forth above, the parties request that the Court approve the settlement agreement attached hereto and enter the stipulation of dismissal filed herewith. We hope that this letter provides the Court with the information that it needs to assess the fairness of this settlement. We are available at the Court's convenience should the Court have any questions regarding the contents of this letter, or if the Court requires any additional information or documentation.

Respectfully submitted,

/s/ *Michael Samuel*
Michael Samuel, Esq.

Enc.

cc: Scott Richman, Esq. (by ECF)